UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS REID WILDS,<br><br>       Plaintiff,<br><br>       v.<br><br>K. HOLLAND, et al.,<br><br>       Defendants. | Case No.: 1:12-cv-01950-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

     Plaintiff Nicholas Reid Wilds is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 12, 2012.  Local Rule 302.

     This action is proceeding against Defendants Scott, Eubanks, Montgomery, Abernathy, and Dessenberger for use of excessive physical force in violation of the Eighth Amendment, against Defendant Abernathy for deliberate indifference to a serious medical need, in violation of the Eighth Amendment, and against Defendants Sergeant P. Dessenberger and officer M. Bojan for retaliation.  In addition, Plaintiff's complaint sets forth cognizable state law tort claims against Defendant Scott for assault and battery, against Defendant Montgomery for battery, and against Defendants Scott, Eubanks, Montgomery, Abernathy, and Dessenberger for negligence.

     On June 23, 2014, Defendants Abernathy, Bojan, Dessenerger, Eubanks, Montgomery, and Scott filed an answer to the complaint.  On June 25, 2014, the Court issued a discovery and scheduling

order. On July 10, 2014, the discovery and scheduling order was returned to the Court with a notation that it was "undeliverable," and Plaintiff's forwarding address is unknown. On September 5, 2014, the Court issued a notice of expedited trial setting procedures, which was returned to the Court as undeliverable. Defendants filed a motion for summary judgment on September 10, 2014.

More than 63 days have passed since the document was returned as undeliverable on July 10, 2014, and Plaintiff has failed file address change and he has not otherwise been in contact with the Court.

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute. Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff is directed to show cause within **thirty (30)** days why the action should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 23, 2014**

UNITED STATES MAGISTRATE JUDGE

2